[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dental malpractice. The procedural state of the pleadings has grown rather contorted, hence the need for this decision. The plaintiff, Lyman Seamans, filed his initial complaint on July 19, 1994. Soon thereafter, on September 2, 1994, the defendant, Kevin Braun, filed a request to revise (#101). The plaintiff objected to the thirteen revisions on a number of grounds. On October 17, 1994, the court (Riefberg, J.) issued orders on twelve of the requests as follows:
1. "Sustained."
 2. "Objection sustained with the understanding that a pleading will be set forth which gives [the] earliest date of treatment with this dentist and this patient."
3. "Plaintiff agrees to strike quotation marks."
4. "Objection overruled."
 5. "Objection sustained at this time with leave to Defendant to file again if [he] can't ascertain date. After further discovery, defendant may refile when specific dates available."
6. "Same ruling as #5."
7. "Withdrawn by Plaintiff."
 8. "Objection overruled with respect to [the] word `disturbance.'"
 9. "`Damages' to be specified or deleted, objection overruled."
11. "Objection overruled. Specify damages." CT Page 5256-K
 12. "Plaintiff will change to `money damages for injuries sustained' by agreement."
13. "Objection sustained, with leave to refile."
(Order of October 17, 1994, Riefberg, J.)
The court reserved judgment on revision ten pending the submission of briefs by the parties. On November 14, 1994, the court granted the requested revision, overruling the plaintiff's objection.
On October 31, 1994, the plaintiff filed a revised complaint incorporating most of the ordered revisions. On November 14, 1994, the court (Riefberg, J.) overruled the plaintiff's objection to revision ten, thus requiring deletion of the entire second count of the two-count complaint. After a variety of other motions, on March 11, 1996, the plaintiff filed a second revised complaint without the second count pursuant to the November 14, 1994 order.
The second revised complaint included the plaintiff's counsel's certification that a copy had been mailed to all other parties on March 6, 1996. The plaintiff subsequently filed a motion for default for failure to plead (#151) on March 25, 1996, nineteen days after the second revised complaint had been mailed. The defendant, seventeen minutes later on the same day, based on the time/date stamp, filed a motion for an extension of time until April 5 to plead (#152). On March 27, 1996, the defendant moved for entry of a judgment of nonsuit (#153) against the plaintiff due to the plaintiff's alleged failure to comply with the court's order (Riefberg, J.) regarding the requested revisions five and six. The court (Stodolink, J.) granted the motion for an extension of time on April 30, 1996. The plaintiff filed an objection to the motion for nonsuit on April 8, 1996 (#156). The defendant filed an objection to the motion for default on March 27, 1996 (#155). Currently before the court from the June 4, 1996 calendar, as continued from the April 29, 1996 calendar, are the two objections #155 and 156 and, by necessity, the associated motions #151 and 153, respectively.
Defendant's Motion for Nonsuit (#153)
The defendant moves for nonsuit on the grounds that the CT Page 5256-L plaintiff's second revised complaint does not comply with the court's order pertaining to requested revisions five and six. The defendant states in his motion that the "Plaintiff's objections [to five and six] dated September 29, 1994, were overruled by the Court (Riefberg, J.) on October 17, 1994 [and] the Court . . . specifically ordered the Plaintiff to provide a range of dates regarding each specific allegation of negligence to determine the applicability of the statute of limitations." As previously indicated, however the defendant is incorrect. The objections to revisions five and six were explicitly sustained pursuant to the order quoted above. Therefore, the defendant's motion is denied.
Plaintiff's Motion for Default for Failure to Plead (#151)
The plaintiff moves for default based on the defendant's failure to answer the second revised complaint. However, the defendant was granted an extension of time by the court (Stodolink, J.), and had a pending motion for nonsuit based on the assertion that the second revised complaint did not comply with a prior order. Therefore, the defendant was not in default and this motion is denied.
Stodolink, J.